## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | |
|---|---|
| **CORY GLENN ROLAND, INDIVIDUAL** § <br> *Plaintiff,* § <br> § <br> **V.** § <br> § <br> **NACOGDOCHES COUNTY, TEXAS,** § <br> **SALOMON LANDEROS, INDIVIDUAL,** § <br> **JUSTIN CODY PIERCE, INDIVIDUAL, and** § <br> **JOSHUA TIPTON, INDIVIDUAL** § <br> *Defendants.* § | **CIVIL ACTION NO.** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

**NOW COMES** Plaintiff **Cory Glenn Roland** and complains of the County of Nacogdoches, Texas; and **Salomon Landeros**, Individually and as a Nacogdoches County Employee, **Justin Cody Pierce**, Nacogdoches County Employee and Individually, and **Joshua Adam Tipton**, Individually, and will show the Court the following:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331, 42 U.S.C. §§ 1983 and 1988, and supplemental jurisdiction under 28 U.S.C. § 1367(a) to hear Plaintiff's state law claims, if any.

2. Venue is proper in this Court, under 28 U.S.C. § 1391(b) because the incident at issue took place in Nacogdoches County, Texas within the United States Eastern District of Texas, Lufkin Division.

## PARTIES

3. Plaintiff **Cory Glenn Roland** is a resident of Nacogdoches County, Texas. Cory Roland is represented by Paul Anderson, PLLC, 601 North Street, Nacogdoches Texas (paul@paulandersonlaw.com).

4. The **County of Nacogdoches, Texas** is a government entity existing under the laws of the State of Texas and is located within the U.S. Eastern District. The County of Nacogdoches, Texas can be served process of citation on Greg Sowell, County Judge, or John Fleming, County Attorney, both located at 101 West Main Street, Nacogdoches, Texas, 75961, or wherever an authorized agent may be found.

5. Defendant, **Salomon Landeros** is a Nacogdoches County Employee who can be served with process of summons at his residence, 125 Ponderosa, Nacogdoches, Texas 75964 or at his place of employment, the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964, or wherever he may be found.

6. Defendant **Justin Cody Pierce** is employed by Nacogdoches County Sheriff's Office aand be served this summons at his residence, 1143 Billy Clark Road, Huntington, Texas 75949 or his place of employment, the Nacogdoches County Sheriff's Office, 2306 Douglas Road, #102, Nacogdoches, Texas 75964, or wherever he may be found.

7. Defendant **Joshua Adam Tipton**, Constable Precinct Five, Shelby County, Texas is a resident of Shelby County, Texas and can be served with summons at 2298 FM 1970 North, Timpson, Texas 75975 or at his office, 501 Austin Street, Timpson, Texas 75975, or wherever he may be found.

## FACTS AND NARRATIVE OF MARCH 5th 2021 ASSAULT

8. On March 5th, 2021 Cory Roland was sitting in a chair in Nacogdoches County Sheriff Deputy Salomon Landeros' office giving a voluntary interview, when he was suddenly, and without any provocation or warning, punched in the face by Nacogdoches County Sheriff Deputy Salomon Landeros.

9. A medical report taken ten days later on March 16th, 2021 shows Cory Roland complaining of a worsening memory loss and headaches from being punched in the face by Deputy Salomon Landeros on March 5th, 2021. **See attached Exhibit "A"** – March 16th, 2021, Nacogdoches Neurosurgery, Cory Roland Medical Report. The report states Cory Roland suffered from a "Traumatic subdural hemorrhage without loss of consciousness. . ." *Id*.

10. Ten months earlier, in May of 2020, Cory Roland was assaulted and suffered a skull fracture after being hit in the head with the butt of a rifle. Cory Roland had a craniotomy for his head injury on May 5th, 2020. *Id*.

11. When Deputy Salomon Landeros punched Cory Roland in the face, he may not have known that Cory Roland was already suffering from a pre-existing fragile "egg-shell skull" condition.

13. Nevertheless, Cory Roland suffered medical injuries from the unprovoked assault by Nacogdoches County Sheriff Deputy Salomon Landeros.

## CLAIMS

*42 U.S.C. § 1983*

14. Plaintiff incorporates all preceding paragraphs by reference for all intents and purposes.

15. Plaintiff Cory Roland brings claims for actual damages and punitive damages against all Defendants under 42 U.S.C. § 1983 because the Defendants, acting under the color of law, assaulted Cory Roland in violation of his protected rights under the 4th and 14th Amendments of the U.S. Constitution.

16. The 4th Amendment guarantees the right of a person "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Const. Amend. IV*. The 14th Amendment guarantees due process of law. Such violations are actionable pursuant to 42 U.S.C. Sections 1983 and 1988.

17. Where an individual's conduct amounts to a mere "passive resistance," use of force is not justified. *Trammell v. Fruge*, 868 F.3d 332, 341 (5th Cir. 2021).

18. The excessive force used by Deputy Salomon Landeros on March 5th, 2021 against Cory Roland was objectively unreasonable under the circumstances and inflicted unnecessary injury, pain, and suffering upon Cory Roland.

19. To be certain, Cory Roland was not under arrest nor was he ever arrested; he was present in Deputy Salomon Landeros' office with Deputy Pierce Constable Tipton voluntarily to assist in the investigation of a criminal case unrelated to Cory Roland.

20. "To prevail on an excessive-force claim, [a plaintiff] must show `(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'" *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016) (quoting *Elizondo v. Green*, 671 F.3d 506, 510 (5th Cir. 2012)).

21. Cory Roland was injured from a use of force that did not take into account Cory Roland's already existing head injury and medically fragile condition. The excessiveness of the force used against Cory Roland was extremely unreasonable because Cory Roland was literally blindsided by an unexpected punch to his face while sitting. Cory Roland had no reason to expect being punched in the face by Salomon Landeros because Cory Roland was calmly sitting in a chair, not under arrest, and was fully cooperating.

22. "Excessive force claims are necessarily fact-intensive; whether the force used is `excessive' or `unreasonable' depends on `the facts and circumstances of each particular case.'" *Deville v. Marcantel,* 567 F.3d 156, 167 (5th Cir. 2009) (quoting at 704, *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). In making this determination, a court should consider the totality of the circumstances, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865.

23. The excessiveness of the force used against Cory Roland was extremely unreasonable because Cory Roland was literally blindsided by an unexpected punch to his face while sitting. Cory Roland had no reason to expect being punched in the face by Salomon Landeros because Cory Roland was sitting in a chair, not under arrest, and was fully cooperating.

24. The `reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." ." *Graham*, 490 U.S. at 396, 109 S.Ct. 1865. "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and

rapidly evolving—about the amount of force that is necessary in a particular situation." *Id*. at 396-97, 109 S.Ct. 1865.

25. "We have consistently held that a police officer uses excessive force when the officer chokes, punches, or kicks a suspect who is not resisting arrest." See, e.g., *Aguilar v. Robertson*, 512 Fed.Appx. 444, 450 (5th Cir. 2013) (per curiam); *McCaleb*, 480 Fed.Appx. at 773; *Sullivan v. Allred*, 297 Fed.Appx. 339, 342 (5th Cir. 2008) (per curiam); *Estate of Sorrells v. City of Dallas*, 45 Fed.Appx. 325 (5th Cir. 2002) (per curiam).

26. Cory Roland was not being arrested or detained he was being interviewed and Deputy Salomon Landeros, for some unknown reason, punched Cory Roland in the face and used excessive force that caused medical injuries to Cory Roland that persist today.

### Cory Roland's Eggshell Skull is a Constitutional Case Applicable Under 42 U.S.C. § 1983

27. The tortfeasor, Deputy Salomon Landeros, takes his victim as he finds him. That is the "eggshell skull" rule, see, e.g., *Brackett v. Peters*, 11 F.3d 78, 81 (7th Cir.1993); *Gibson v. County of Washoe*, 290 F.3d 1175, 1192-93 (9th Cir.2002), which like most principles of the common law of torts is applicable to a constitutional tort case brought under 42 U.S.C. § 1983. *Gibson v. County of Washoe*, supra, 290 F.3d at 1193; *Figueroa-Torres v. Toledo-Davila,* 232 F.3d 270, 275-76 (1st Cir.2000); see *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709-10, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999).

28. Cory Roland's medical examination report made ten days after his assault establishes a causative and proximate link to Cory Roland being punched in the face by Deputy Salomon Landeros.

### No Qualified Immunity

29. Nacogdoches County Sheriff Deputy Salomon Landeros and Nacogdoches County, Texas do not have qualified immunity under the facts and circumstances of this case.

30. Qualified immunity shields officers from liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson*

*v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When officers invoke qualified immunity at summary judgment, courts ask two questions: (1) whether the evidence viewed in the light most favorable to the plaintiff shows that the officers violated a constitutional right, and (2) whether the unlawfulness of their conduct was "clearly established" at the time. *District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018).

31.     Cory Roland was not a suspect or detainee, he was at most a witness. Nevertheless, Cory Roland was sitting in a chair when Nacogdoches County Sheriff Deputy Salomon Landeros struck Cory Roland in the face.

32.     To prevail on an excessive-force claim, the plaintiff must show (1) an injury, (2) that resulted "directly and only" from a use of excessive force, and (3) that the force used was "objectively unreasonable." *Flores*, 381 F.3d at 396. Cory Roland was neither detained or arrested, the force used against Cory Roland was objectively unreasonable because Cory Roland never expected it and it was absolutely unwarranted.

33.     Government official's conduct violates clearly established law when, at the time of the challenged conduct, `[t]he contours of [a] right [are] sufficiently clear' that every `reasonable official would have understood that what he is doing violates that right. *Anderson v. Creighton*, 107 S. Ct. 3034, 3039 (1987)).

## LIABILITY FOR FAILURE TO INTERVENE
## DELIBERATE INDIFFERENCE

Plaintiff incorporates all preceding paragraphs by reference for all intents and purposes.

34.     "If plaintiffs' allegations of excessive force are true, then each of the officer defendants either participated in applying force [to Lucas] or was present when the force was applied and failed to intervene. Under either theory, "the law in this circuit [5th] holds that any of the individual officers could be liable for a violation of § 1983 if excessive force was in fact used." *Khan v. Lee*, Civil Action No. 07-7272, 2010 WL 11509283, at *3 (E.D. La. Dec. 2, 2010), aff'd, 683 F.3d 192 (5th Cir. 2012) (citing *Hale*,

45 F.3d at 919). A law enforcement officer "who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley,* 45 F.3d 914, 919 (5th Cir. 1995).

35. Two other police officers were present when Cory Roland was punched in the face by Deputy Salomon Landeros on March 5th, 2021, Nacogdoches County Sheriff Deputy Justin Cody Pierce and Shelby County Precinct Five Constable Joshua Tipton. Neither officer intervened, interceded or protested the assault on Cory Roland by one of their own. Neither officer reported the incident.

36. Further, the Second Circuit has stated that "law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence." *Anderson v. Branen,* 17 F.3d 522, 557 (2d Cir. 1994). *See* also, *Byrd v Brishke,* 466 F.2d 6, 11 (7th Cir. 1972)("we believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office and fail to stop other officers who summarily punish a third person in his presence or otherwise within his knowledge.").

37. There is a well-developed body of case law in the Fifth Circuit specifically holding that the use of physical force against a restrained, passively resisting or non-resisting subject violates the Constitution. See, e.g., *Bush v. Strain*, 513 F.3d 492, 501 (5th Cir. 2008) (objectively unreasonable to "forcefully slam Bush's face into a vehicle while she was restrained and subdued"); *Williams v. Bramer*, 180 F.3d 699, 704 (5th Cir. 1999) (allegation of choking that was not in response to any resistance or aggression by suspect in custody was "sufficient to assert a constitutional violation."), clarified by, 186 F.3d 633, 634 (5th Cir. 1999.

38. Cory Roland had no reason to believe he was being detained or arrested, and he was sitting in a chair with Deputy Salomon Landeros towering above him right before Landeros punched him in the face. Cory Roland was offering no resistance that could be construed as a threat to Deputy Salomon Landeros when Deputy Landeros punched Cory Roland in the face.

39. Nacogdoches County Sheriff Deputy Justin Cody Pierce and Shelby County Precinct Five Constable Joshua Tipton, may be liable under § 1983 under a theory of bystander liability when the officer "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Whitley,* 726 F.3d at 646. Constable Joshua Tipton and Officer Justin Cody Pierce were present on March 5th, 2021 and within feet of Cory Roland, when Deputy Salomon Landeros punched Cory Roland in the face.  Both officers failed to either intervene or render aid.

40. "The court is well aware that personal civil liability for constitutional torts is based solely on individual conduct.  But as the Fifth Circuit observed in *Meadours*, 483 F.3d at 422 n. 3, "[s]eparate consideration does not require courts to conduct a separate analysis for each officer in those cases where their actions are materially indistinguishable, it merely requires them to consider each officer's actions." *Meadours*, 483 F.3d at 422 n. 3.

41. Under either theory, "the law in this circuit [5th] holds that any of the individual officers could be liable for a violation of §1983 if excessive force was in fact used." *Khan v. Lee*, Civil Action No. 07-7272, 2010 (E.D. La. Dec. 2, 2010), aff'd, 683 F.3d 192 (5th Cir. 2012) (citing *Hale*, 45 F.3d at 919). In Hale, the Fifth Circuit expressly recognized that other officers present when excessive force is used may also be liable when they fail to intervene. 45 F.3d 919 ("[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983.").

## DAMAGES SOUGHT

42. Civil Rights are derived from the Constitution of the United States.  42 U.S.C. Section 1983 makes it unlawful for anyone acting under the authority of state law to punch anyone in the face.  A person is Constitutionally guaranteed the right to be free from excessive force by law enforcement, a guarantee set forth in the Fourth and Fourteenth Amendments to the United States Constitution.

43. Plaintiff Cory Roland brings claims for actual damages and punitive damages against all Defendants under 42 U.S.C. § 1983 because one or more of the Police Officer Defendants engaged in an unprovoked assault on Cory Roland or failed to intervene in an unprovoked assault by a police officer.

44. The conduct by Nacogdoches County Deputy Sheriff Salomon Landeros, Nacogdoches County Deputy Sheriff Justin Cody Pierce and Shelby County Precinct Five Constable Joshua Tipton deprived Cory Roland of his U.S. Constitutionally protected 4th and 14th Amendment rights.

45. Nacogdoches County, Nacogdoches County Sheriff Deputy Salomon Landeros, and Shelby County Precinct Five Constable Joshua Tipton are all liable for the Constitutional torts outlined in this complaint because these individuals were present and willing participants in the tortious conduct alleged.

46. The County of Nacogdoches, through its deputy hiring, training, retention and supervision policies is grossly negligent by permitting and ratifying conduct by it employees that violates the U.S. Constitution.

47. The County of Nacogdoches, through its deputy hiring, training, retention and supervision policies is grossly negligent by permitting and ratifying conduct by Sheriff Deputy Salomon Landeros and Sheriff Deputy Justin Cody Pierce.

## PUNITIVE DAMAGES

48. Cory Roland repeats and re-alleges each and every allegation contained in the above paragraphs as if fully repeated herein.

49. As a direct and proximate result of the occurrences which are the basis of this lawsuit, Cory Roland was forced to suffer:

      a. Emotional distress, torment, and mental anguish;
      b. Physical injuries;
      c. Physical pain and suffering;
      d. Acts of threats, coercion, and intimidation; and,
      e. Deprivation of his liberty.

50. When viewed objectively, Nacogdoches County Sheriff Deputy Salomon Landeros', Nacogdoches County Sheriff Deputy Justin Cody Pierce' and Shelby County Precinct Five Constable Joshua Tipton's conduct on March 5th, 2021 was extreme and unjustifiable, considering the probability and the magnitude of harm. As a direct, proximate, and producing cause, the intentional, egregious, and malicious conduct of Nacogdoches County Sheriff Deputy Salomon Landeros, Nacogdoches County Sheriff Deputy Justin Cody Pierce and Shelby County Precinct Five Constable Joshua Tipton, which was recklessly or callously indifferent to Cory Roland's constitutionally protected rights, entitles Cory Roland to punitive damages in an amount within the jurisdictional limits of this Court.

## ATTORNEY'S FEES

51. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. § 1988.

## REQUEST FOR RELIEF

52. Cory Roland respectfully prays that upon final hearing of this case, judgment be entered for him against the Defendants, for damages in an amount within the jurisdictional limits of this Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of the court; attorney's fees; and such other and further relief to which Cory Roland may be entitled at law or in equity.

## REQUEST FOR JURY TRIAL

53. Plaintiff demands a jury trial.

## PRAYER

54. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that judgment be rendered against the Defendants, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which he may be justly entitled, including injunctive relief to prevent further retaliation.

Respectfully submitted,

**PAUL ANDERSON, PLLC**

*/s/ Paul Anderson*

Paul V. Anderson
SBOT №. 24089964
601 North Street
Nacogdoches, Texas 75961
Tel.     936.305.5600
Fax     713.236.4262
E-mail:  paul@paulandersonlaw.com

# VERIFICATION

**STATE OF TEXAS** §

**NACOGDOCHES COUNTY** §

"My name is Cory Glenn Roland. I am over the age of 18, I am fully competent in all respects to swear this Verification. I have personal knowledge of the facts of this Original Complaint.

March 5th, 2013, I was assaulted by Nacogdoches County Sheriff Deputy Salomon Landeros as described in this Original Complaint.

Nacogdoches County Sheriff Deputy Justin Cody Pierce and Shelby County Constable Joshua Tipton were present when Deputy Salomon Landeros, with any warning punched me in the face.

I sustained medical injuries.

I continue to suffer medical injuries as a result of this assault.

FURTHER AFFIANT SAYETH NOT."

_____
Cory Glenn Roland

SUBSCRIBED AND SWORN TO BEFORE ME on this the 30th day of September, 2021.

Sabrina Hudson
My Commission Expires
04/30/2025
ID No 133077392

_____
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS