IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| CORY GLENN ROLAND, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> NACOGDOCHES COUNTY, SALOMON § <br> LANDEROS, JUSTIN CODY PIERCE, § <br> AND JAY SMITH, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 9:21-CV-254-MJT-CLS |

**MEMORANDUM ORDER OVERRULING
DEFENDANT LANDEROS' OBJECTIONS AND ADOPTING THE REPORT
AND RECOMMENDAITON OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the Court referred this proceeding to the Honorable Christine L. Stetson for consideration and disposition of Defendants Nacogdoches County, Justin Cody Pierce, and Jay Smith's Motion for Summary Judgment [Dkt. 37] and Defendant Salomon Landeros' Motion for Summary Judgment [Dkt. 39].

On October 18, 2022, Judge Stetson issued a Report and Recommendation [Dkt. 54] with the following conclusions and recommendations: (1) Defendants Nacogdoches County, Justin Cody Pierce, and Jay Smith's Motion for Summary Judgment [Dkt. 37] should be granted with respect to Defendants Pierce and Smith on the ground that they are entitled to qualified immunity; and (2) Defendant Saloman Landeros' Motion for Summary Judgment [Dkt. 39] should be denied on the ground that Defendant Landeros is not entitled to qualified immunity.

## I. The Report and Recommendation is adopted as to the findings of fact and conclusions of law regarding Defendants Nacogdoches County, Pierce, and Smith's Motion for Summary Judgment [Dkt. 37]

The Court received and considered the Report and Recommendation of the United States Magistrate Judge as to Defendants Nacogdoches County, Pierce, and Smith's Motion for Summary Judgment [Dkt. 37] pursuant to such referral, along with the record, pleadings, and all available evidence. Objections to the Report and Recommendation were due November 1, 2022. To date no party has filed objections.

Accordingly, the findings of fact and conclusions of law of the United States Magistrate Judge are correct as to Defendants Nacogdoches County, Pierce, and Smith's Motion for Summary Judgment [Dkt. 37]. The Report and Recommendation of the United States Magistrate Judge [Dkt. 54] is ADOPTED as to Defendants Nacogdoches County, Pierce, and Smith's Motion for Summary Judgment [Dkt. 37].

## II. Defendant Landeros' Objections to the Report and Recommendation are overruled

On November 1, 2022, Defendant Landeros timely filed objections to the Report and Recommendation. [Dkt. 55]. Plaintiff timely filed a response to the objections on November 12, 2022. [Dkt. 56].

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous,

conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Although Landeros filed written objections in a timely manner, he failed to specifically identify the findings or recommendations to which he objected—including the place in the magistrate judge's report and recommendation where the disputed determination is found—in several portions of the objections [Dkt. 55]. Additionally, much of the objections [Dkt. 55] merely restates arguments from Landeros' Motion for Summary Judgment [Dkt. 39] and are somewhat disorganized. Nonetheless, the Court will conduct a *de novo* review of the findings and recommendations of the Report and Recommendation [Dkt. 54] to which Landeros has discernably objected.

### A. Landeros' Objections

Landeros appears to raise the following objections: (1) The Magistrate Judge did not consider all of the evidence [Dkt. 55 at 1]; (2) Plaintiff did not suffer an injury sufficient to satisfy his excessive force claim [Dkt. 55 at 3]; (3) Landeros' summary judgment evidence, coupled with Plaintiff's failure to respond to the motion, required granting summary judgment to Landeros [Dkt. 55 at 5]; and (4) The Magistrate Judge incorrectly found that Landeros violated clearly established law [Dkt. 55 at 6].

#### 1. *The Magistrate Judge properly considered all of the evidence*

Landeros objects on the basis that the Magistrate Judge did not consider all of the available evidence. [Dkt. 55 at 1]. Landeros states that the report considered "only the interview video" and did not consider "multiple affidavits and officer reports," which "addressed, explained, and resolved any purported ambiguity in the video" such that no genuine issue of fact should have

remained. [Dkt. 55 at 1-2]. Specifically, Landeros argues that the following material facts should have been considered "conclusively established" by the affidavits and police reports: (1) Landeros did not punch Plaintiff twice in the face [Dkt. 55 at 2]; (2) Plaintiff was resisting Landeros [Dkt. 55 at 2]; (3) Landeros had observed evidence of criminal activity on Plaintiff's phone sufficient to grant probable cause to seize the phone pursuant to the plain view exception to the warrant requirement [Dkt. 55 at 4]; and (4) Plaintiff was destroying evidence [Dkt. 55 at 4].

This objection is without merit. Reviewing the report *de novo*, the Court finds that the Magistrate Judge conducted a careful review of all of the evidence submitted. Section I.B of the report [Dkt. 54 at 4-5] reviews Landeros' "Statement of Undisputed Material Facts" in his Motion for Summary Judgment [Dkt. 39] line by line, with specific paragraph references to the motion and the appendix citations contained therein. That same section then summarizes arguments made in other portions of the motion and their reliance on disputed material facts, further demonstrating that the Magistrate Judge considered all of the evidence.

Further, the report explicitly considers Pierce's affidavit used to obtain a search warrant for Plaintiff's phone in Section I.C [Dkt. 54 at 9 n.6]. Pierce's affidavit is *precisely* the type of evidence ("multiple affidavits and officer reports" [Dkt. 55 at 2]) that Landeros incorrectly claims the Magistrate Judge "did not consider." The Magistrate Judge reviewed the affidavit and found that its unsupported factual assertions such as, *inter alia*, that Plaintiff was resisting Landeros and destroying evidence, did not render those facts "undisputed" in light of the video footage—at best, the video controverts several assertions in Landeros' "Statement of Undisputed Material Facts," [Dkt. 39 at ¶¶ 5-7] and, at worst, it disproves them. The Magistrate Judge properly concluded that those facts are therefore disputed and should be left for a jury to ultimately decide. The fact that the Magistrate Judge found the factual assertions in Pierce's affidavit and the other "multiple

4

affidavits and officer reports" unconvincing to resolve all material facts when considered against other available evidence does not mean that the Magistrate Judge "did not consider all the evidence submitted;" rather, it demonstrates precisely the opposite.

Additionally, the Magistrate Judge properly evaluated Landeros' claims "'in the light depicted by the videotape,' rather than accepting all of Defendant's factual allegations as true." [Dkt. 54 at 13] (citing *Scott v. Harris*, 550 U.S. 372, 381 (2007)). As the report notes, Fifth Circuit and Supreme Court precedent state that:

> "[W]hen the record includes video evidence, courts are not bound to accept facts contradicted by the video. *Crane*, 2022 WL 4592035, at *4 (citing *Harris v. Serpas*, 745 F.3d at 771). To the extent that video evidence leaves certain facts ambiguous, courts must leave such ambiguities in materials facts to be resolved by the jury. *Cf. Crane*, 2022 WL 4592035, at *4 (quoting *Estate of Aguirre v. City of San Antonio*, 995 F.3d 395, 410 (5th Cir. 2021)) ("*Scott* was not an invitation for trial courts to abandon standard principles of summary judgment by making credibility determinations or otherwise weighing the parties' opposing evidence against each other any time a video is introduced into evidence."); *see also Scott v. Harris*, 550 U.S at 381 ("[The lower court] should have viewed the facts in the light depicted by the videotape.").

[Dkt. 54 at 12-13]. In fact, the Fifth Circuit has stated that courts should assign "*greater* weight . . . to the facts evident from video recordings taken at the scene" at the summary judgment stage. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (emphasis added). This rule applies regardless of who offered the video evidence. *See, e.g.*, *Alvarado v. Husted*, No. 3:20-cv-152-FKB, 2022 WL 4809431, at *2 n.4 (S.D. Miss. Sept. 30, 2022) ("Where the video contradicts Plaintiff's version of the incident, the Court credits the facts evidenced on video. . . . Likewise, the Court credits the facts evidenced on video, where the video contradicts Defendants' version of the incident."). Moreover, the Fifth Circuit recently upheld a denial of summary judgment based on qualified immunity where the lower court found that the video evidence, submitted by the defendants, contradicted their sworn statements. *Byrd v. Cornelius*, 52 F.4th 265, 270 (5th Cir.

5

2022) ("[T]he magistrate judge found the video to be unclear and wrote that it provided 'no evidence at all that would support Defendants' arguments.'").

Accordingly, the Magistrate Judge properly considered all of the evidence submitted and gave proper weight to the video evidence. This objection is overruled.

### 2. *Plaintiff suffered an injury sufficient to satisfy his excessive force claim*

Landeros objects to the finding that Plaintiff suffered an injury sufficient to satisfy his excessive force claim. [Dkt. 55 at 3]. This objection is without merit. As the Magistrate Judge explained in the report, a reasonable jury could view the video footage and determine that Plaintiff was injured within the meaning of the excessive force analysis. The Court also notes that the video must be viewed in the light most favorable to the Plaintiff. *Estate of Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). Applying these standards, the Magistrate Judge properly explained:

> Plaintiff is not required to show a significant injury to succeed on an excessive force claim. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). The injury need only be more than *de minimis*. *Id.* To determine whether an injury is more than *de minimis*, courts should consider the context in which the force was deployed, as "amount of injury necessary to satisfy [this element] . . . is directly related to the amount of force that is constitutionally permissible under the circumstances." *Id.* at 703-04 (quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996)). Additionally, even insignificant injuries such as suffering from dizziness, loss of breath, and coughing, satisfy this element "when the victim is maliciously assaulted by a police officer." *Id.* at 704. Because a reasonable jury could find that Plaintiff was not resisting or destroying evidence, thus no use of force was justified under these circumstances, it could also properly find that an injury such as pain from being punched in the face (let alone potentially severe pain from exacerbating a prior head injury) satisfies this element of Plaintiff's excessive force claim.

[Dkt. 54 at 19 n.7]; *see also Byrd*, 52 F.4th at 274 (citation omitted) ("'[A]s long as a plaintiff has suffered 'some injury,' even relatively insignificant injuries and purely psychological injuries will prove cognizable when resulting from an officer's unreasonably excessive force.'")

6

Landeros' argument that the summary judgment evidence shows that Plaintiff suffered no injury because "the video continued for more than an hour afterwards" is without merit. This is essentially a restatement of an already-rejected argument from Landeros' Motion for Summary Judgment [Dkt. 39 at 18-19]. As explained by the Magistrate Judge, even a minor injury, such as Plaintiff's complained-of headache and the general physical and psychology injury one may suffer from being punched, is sufficient to satisfy the injury element of an excessive force claim where the plaintiff was not resisting. A reasonable jury could easily reach these conclusions from watching the video footage that Landeros himself submitted. Therefore, this objection is overruled.

### 3. *Landeros was not entitled to summary judgment based on the evidence submitted and Plaintiff's failure to respond*

Next Landeros, appears to object to the overall denial of summary judgment, claiming that Plaintiff's failure to respond to the motion renders his factual assertions "uncontroverted" and entitles him to summary judgment. [Dkt. 55 at 5]. As discussed above, the Magistrate Judge thoroughly considered all of the evidence submitted, including the video footage. Additionally, the Magistrate Judge properly evaluated Landeros' factual assertions "'in the light depicted by the videotape,' rather than accepting all of Defendant's factual allegations as true," particularly when they were *not* supported by other evidence in the record. [Dkt. 54 at 13] (citing *Scott v. Harris*, 550 U.S. at 381). The Magistrate Judge then analyzed the video in great detail and concluded that the video, submitted by Landeros himself, (1) controverts several material facts that Landeros claims are "undisputed," and (2) confirms that multiple other material facts *not* asserted by Landeros as "undisputed" are, indeed, in dispute. [Dkt. 54 at 5-10].

Under Rule 56(c)(1)(A) of the Federal Rules of Civil Procedure, at summary judgment, "a party asserting that a fact is [undisputed] must support the assertion by citing to particular parts of

7

materials in the record." FED. R. CIV. P. 56. Under Rule 56(e)(3), "if a party fails to properly support an assertion of fact . . . as required by Rule 56(c)," the court *may* grant summary judgment to the movant, but only "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." *Id.* Accordingly, the movant's initial burden at summary judgment is to point out the absence of evidence supporting the nonmovant's case. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 913 (5th Cir.); *cert. denied*, 506 U.S. 832 (1992); *see also* FED. R. CIV. P. 56. Typically, the evidence submitted by the movant *supports* their factual assertions, thereby requiring the nonmovant to then point to evidence controverting those assertions and show there is a genuine issue of material fact for trial. *See Tennyson v. Hatton*, No. 6:16cv1206, 2021 WL 472963, at *7 (E.D. Tex. Jan. 4, 2021) ("*If* the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial.") (emphasis added) (citing *Burleson v. Tex. Dep't of Crim. Just.*, 393 F.3d 577, 589 (5th Cir. 2004)), *R. & R. adopted*, No. 6:16-cv-01206, 2021 WL 473741 (E.D. Tex. Feb. 9, 2021). However, as demonstrated here, the movant does not always meet their initial burden of supporting their factual assertions—Landeros, the movant, did not provide evidence supporting his factual assertions and instead offered video evidence that actually *controverted* his own assertions.

Although qualified immunity alters the burdens on the parties, Landeros's motion [Dkt. 39] is still a motion for summary judgment. If there is evidence showing a genuine issue of material facts that, viewed in the light most favorable to Plaintiff, establish Landeros committed a constitutional violation that was objectively unreasonable, then Landeros is *not* entitled to summary judgment based on qualified immunity. Although uncommon, here, the very evidence that Landeros submitted in "support" of his motion for summary judgment, when viewed in the

light most favorable to Plaintiff, demonstrates that Landeros is not entitled to summary judgment. The Court sees no reason why Plaintiff would need to *resubmit* evidence already before the Court in order to "controvert" Landeros' factual assertions that have already been controverted by his own evidence. However unusual, it appears that Plaintiff's burden to show Landeros is not entitled to qualified immunity has been "carried" by evidence Landeros himself submitted to the Court when invoking qualified immunity in the first place—that is, Landeros' claims were controverted before the altered qualified immunity burden could even shift to Plaintiff.

Other courts have denied summary judgment motions based on qualified immunity where the defendant's own evidence defeated summary judgment by demonstrating that genuine issues of material facts exist. *See, e.g.*, *Cantrell v. Tyson*, No. 2:19-CV-1192-TLN-DMC-P, 2021 WL 3164272, at *8 (E.D. Cal. July 27, 2021) ("Defendant's own evidence thus defeats her motion and creates a genuine issue of material fact for a jury, specifically whether the statement at issue put Plaintiff in danger."), *R. & R. adopted*, No. 2:19-cv-01192-TLN-DMC, 2021 WL 4262274 (E.D. Cal. Sept. 20, 2021); *Hasan v. Johnson*, No. 1:08-cv-00381 GSA PC, 2013 WL 1314014, at *5 (E.D. Cal. Apr. 1, 2013) ("Defendant's own evidence creates a triable issue of fact as to whether he was present and whether he escorted Plaintiff and subjected him to excessive force."). Additionally, the Fifth Circuit recently upheld a denial of qualified immunity on summary judgment based on the applicable standard of review because the video evidence, submitted by the defendants (who assumed it would support their factual assertions) did not conclusively resolve the material factual disputes identified by the lower court and even contradicted the defendant's factual assertions. *Byrd v. Cornelius*, 52 F.4th at 274.

The Magistrate Judge's denial of summary judgment is consistent with Rule 56 of the Federal Rules of Civil Procedure as well as case law on summary judgment and qualified

immunity—courts may not properly award summary judgment by "default" or as a "sanction" for a party's failure to respond, even when qualified immunity is invoked. *See, e.g.*, *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted) ("A motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule."); *cf. Okere v. Sibling*, No. 92-1716, 1993 WL 543267, at *1 (5th Cir. Dec. 14, 1993) (affirming a district court's grant of summary judgment based on qualified immunity where the plaintiff failed to respond because the defendants' proffered evidence "conclusively show[ed] that the officers' conduct . . . was objectively reasonable"); *Stephenson v. Gray Cnty. Sheriff Dep't*, No. 2:19-CV-222-Z-BQ, 2021 WL 5362089, at *3-4 (N.D. Tex. Sept. 28, 2021) (granting summary judgment based on qualified immunity only *after* determining that the evidence submitted by the defendants entitled them to qualified immunity, despite the plaintiff's failure to file a response), *R. & R. adopted*, No. 2:19-cv-222-Z-BQ, 2021 WL 5359341 (N.D. Tex. Nov. 16, 2021); *Owens v. Christian*, No. 5:17-cv-190-TES-CHW, 2019 WL 1804942, at *2 (M.D. Ga. Mar. 25, 2019) (same), *R. & R. adopted*, No. 5:17-cv-00190-TES-CHW, 2019 WL 1804848 (M.D. Ga. Apr. 24, 2019); *Easley v. Zimmerman*, No. 3:18 CV 2050, 2021 WL 5800426, at *2 (N.D. Ohio Dec. 7, 2021) (noting that, even where a motion for summary judgment based on qualified immunity is unopposed, "a court must carefully review the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists"). In fact, granting summary judgment solely because the nonmovant failed to respond and not considering whether the movant's evidence shows they are entitled to summary judgment or qualified immunity could result in the judgment being vacated on appeal. *See, e.g.*, *Hibernia*, 776 F.2d at 1279 ("[I]f the district judge's decision was to grant summary judgment solely because of a default, such decision constituted reversible error."); *see*

*also Trs. of Central Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs v. Wolf Crane Serv., Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004) (vacating a district court's grant of summary judgment because "summary judgment cannot be granted as a sanction for merely failing to file a response"); *Amaker v. Foley*, 274 F.3d 677, 678 (2d Cir. 2001) (same).

Thus, the Magistrate Judge acted properly in conducting a review of the evidence Landeros submitted,[1] rather than automatically granting summary judgment by default due to Plaintiff's failure to properly respond to the motion. Additionally, as the Magistrate Judge explained, courts need only assume facts from the moving party that are *supported* by admissible evidence. [Dkt. 54 at 13]. As discussed, the Magistrate Judge's review of all of the evidence revealed that there remained multiple issues of material fact showing that Landeros was not entitled to summary judgment. "Where there are factual disputes as to the parties' conduct or motives, the case cannot be resolved at summary judgment on qualified immunity grounds." *Cantrell*, 2021 WL 13164272, at *9 (citations omitted). Therefore, the Magistrate Judge properly denied Landeros' Motion for Summary Judgment based on qualified immunity.

Finally, the Court notes that it may consider Plaintiff's verified complaint as summary judgment evidence so long as the pleadings comport with the requirements of Rule 56(c). *Stephenson*, 2021 WL 5362089, at *3 (citing *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003). Thus, to the extent it is necessary, the Court notes that Plaintiff's First Amended Complaint contains factual allegations, verified by supporting exhibits, that controvert Landeros' factual

---

[1] The Court notes that the Magistrate Judge's review of Landeros' proffered evidence does not constitute "sifting through the record" in search of evidence to support Plaintiff's opposition to the motion, seeing that Landeros himself submitted that evidence for consideration. *Compare Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.") (citation omitted) *with Skotak*, 953 F.2d at 915-16 & n.7 (5th Cir. 1992) ("[T]he court need consider only the cited materials.").

assertions [Dkt. 23 at ¶¶ 12-28] and show Landeros is not entitled to qualified immunity when viewed in the light most favorable to Plaintiff.

For these reasons, this objection is overruled.

### 4. *The Magistrate Judge correctly found that Landeros violated clearly established law*

Landeros objects to the finding that he violated clearly established law. [Dkt. 55 at 6]. The Court notes that at least part of the basis for this objection is merely a restatement of arguments and case citations from his summary judgment motion, [Dkt. 55 at 6-7], which the Magistrate Judge thoroughly reviewed and properly rejected [Dkt. 54 at 19-21].

As explained in the report, the second prong in a qualified immunity inquiry is whether Landeros' conduct violated clearly established law [Dkt. 54 at 15]. The Magistrate Judge found that Landeros violated clearly established law for several reasons. First, Fifth Circuit precedent holds that "it [is] clearly established that violently slamming or striking a suspect who is not actively resisting arrest constitutes excessive use of force." *Darden v. City of Fort Worth*, 880 F.3d 722, 733 (5th Cir. 2018). The video footage shows that Landeros violently struck Plaintiff when he was not resisting, was cooperating throughout an hour-long police interview, and was never under arrest. This precedent alone is likely sufficient to find that Landeros violated clearly established law.

However, the Magistrate Judge *also* found that the *Graham* factors, analyzed in full in Section III.C [Dkt. 54 at 18-19], show that punching a non-resisting, voluntary interviewee violates clearly established law. As explained in the report, "'in an obvious case,' the *Graham* excessive force factors themselves 'can clearly establish the answer, even without a body of relevant case law.'" [Dkt. 54 at 21] (citing *Newman v. Guedry*, 703 F.3d 757, 764 (5th Cir. 2012)); *cf. Byrd v. Cornelius*, 52 F.4th 265, 273 (5th Cir. 2022) (finding a violation of clearly established law by

12

applying the *Graham* factors, which showed "a teenager who claims she was not committing a crime, not a threat to others, and not resisting or attempting to flee the police when the officers allegedly used excessive force"). Further, as the Magistrate Judge noted:

> The central concept is that of "fair warning": The law can be clearly established "despite notable factual distinctions between the precedents relied on and the cases then before the Court, so long as prior decisions gave reasonable warning that the conduct then at issue violated constitutional rights."

[Dkt. 54 at 22] (citing *Kinney v. Weaver*, 367 F.3d 337, 350 (5th Cir. 2004)).

Thus, Landeros' arguments that cases like *Darden* and others cited in the report are not factually similar enough to the case at hand are without merit. The premise for which those were cited by the Magistrate Judge is clear: it is clearly established law that violently striking a person who is not resisting constitutes excessive force. Moreover, a factually identical case is not required when the *Graham* factors already provide fair warning that the conduct is unreasonable. Therefore, this objection is overruled.

### B. Landeros' objections are overruled

The Court has conducted a *de novo* review of Landeros' objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Defendant Landeros' objections [Dkt. 55] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dot. 54] is ADOPTED as to Defendant Landeros' Motion for Summary Judgment [Dkt. 39].

### III. Conclusion and Order

No party filed objections to the findings and conclusions of law as to Defendants Nacogdoches County, Pierce, and Smith's Motion for Summary Judgment [Dkt. 37]. Additionally, for the foregoing reasons, Defendant Landeros' objections [Dkt. 55] are OVERRULED.

Accordingly, the Report and Recommendation of the United States Magistrate Judge [Dkt. 54] is ADOPTED in full.

Defendants Nacogdoches County, Justin Cody Pierce, and Jay Smith's Motion for Summary Judgment [Dkt. 37] is GRANTED with respect to Defendants Pierce and Smith. Defendant Saloman Landeros' Motion for Summary Judgment [Dkt. 39] is DENIED.

**SIGNED this 23rd day of November, 2022.**

Michael J. Truncale
United States District Judge